715 P.2d 286

**GROWER'S PUMP, INC.,**
Petitioner Employer,

**State Compensation Fund,**
Petitioner Carrier,

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Inocente C. Ramirez,**
Respondent Employee.

**No. 1 CA–IC 3313.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 22, 1985.

Reconsideration Denied Dec. 20, 1985.

Review Denied March 11, 1986.

Robert K. Park, Chief Counsel, State Compensation Fund by Fred R. Sands, Tucson, for petitioner carrier & employer.

Dennis P. Kavanaugh, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Dix, Rehling & Waterman by J. Stephen Dix, Tucson, for respondent employee.

OPINION

CONTRERAS, Judge.

This is a special action review of an Industrial Commission award for unscheduled permanent partial disability which was based on the judicial decisions of *Langbell* and *Espey*.[1] The issue presented is whether *Langbell* and *Espey* were legis-

---

1. *Langbell* and *Espey* permitted the unscheduling of an otherwise scheduled disability where there was a substantial risk of serious reinjury if the worker returned to his previous employment. *Langbell v. Industrial Commission*, 111 Ariz. 328, 529 P.2d 227 (1974); *Espey v. Industrial Commission*, 121 Ariz. 289, 589 P.2d 1321 (App.1978).

latively overruled by the enactment of A.R.S. § 23–1044(H) which was added to our Workers' Compensation Law in 1980. We conclude that A.R.S. § 23–1044(H) has overruled *Langbell* and *Espey* and that the Industrial Commission cannot grant an unscheduled disability when the evidence clearly demonstrates that the claimant has sustained a scheduled disability within the provisions of A.R.S. § 23–1044(B). The award is set aside.

On January 28, 1981, the respondent employee (claimant) injured his left wrist while working for the petitioner employer. The claim was accepted and claimant received temporary compensation and active medical treatment until November 1983. On December 14, 1983, a Notice of Claim Status was issued terminating temporary compensation and active medical treatment and finding that the industrial injury had resulted in permanent disability. A notice of permanent disability benefits was issued finding that claimant had sustained a 40% functional loss of his left minor arm and awarding scheduled permanent disability benefits. The claimant requested a hearing, alleging that his condition was not stationary and that he was in need of further active medical treatment.

Following the hearings of July 13 and August 24, 1984, the administrative law judge issued his Decision upon Hearing and Findings and Award for Unscheduled Permanent Partial Disability and Order Pending Loss of Earning Capacity Determination. The administrative law judge found, among other things, that:

7. It is not necessary for an applicant to place himself in a position to incur further physical damage in order to receive the benefits of workmen's compensation. (Citing *Langbell* and *Espey*.)

Where the uncontroverted medical testimony is that the applicant's industrially caused condition has permanently restricted his functional ability to return to his former employment, consideration must be given to *A.R.S.* § 23–1047.

8. The evidence in the instant case is uncontroverted that the applicant has sustained a scheduled injury which prevents him from returning to his former employment without incurring a substantial risk of significant reinjury.

11. The evidence establishes that the applicant has sustained a general physical impairment of the whole person and, therefore, the Industrial Commission should, as provided by *A.R.S.* § 23–1047, determine the applicant's reduction in earning capacity, if any, from the stationary date.

Following administrative review and affirmance of the Award for Unscheduled Permanent Partial Disability, the carrier petitioned for special action review, contending that the Commission cannot lawfully grant an unscheduled disability when the evidence demonstrates that the employee has sustained a scheduled disability under A.R.S. § 23–1044(B).

In support of its argument, the carrier relies on A.R.S. § 23–1044(H), which states:

Any single injury or disability listed in subsection B ... shall be treated as scheduled ... regardless of its actual effect on the injured employee's earning capacity.

In 1980 the legislature amended A.R.S. § 23–1044 by adding language to section (G) and adding a new section (H), the pertinent portions of which have been quoted. The legislature has redefined and restated the requirement that scheduled disabilities within subsection B of that statute are to be treated as such and the language of the statute is mandatory. In view of this clear, unequivocal statutory language, the only conclusion that can be reached is that A.R.S. § 23–1044(H) legislatively overrules *Langbell* and *Espey*. This same conclusion was set forth as dictum by this court in *Hunter v. Industrial Commission*, 130 Ariz. 59, 62 n. 5, 633 P.2d 1052, 1055 n. 5 (App.1981).

The claimant interjects the *Dutra* decision in support of his argument that A.R.S. § 23–1044(H) did not overrule *Langbell* and *Espey*. *Dutra v. Industrial Commission*, 135 Ariz. 59, 659 P.2d 18 (1983). The claimant contends that since *Dutra* was decided after the enactment of § 23–1044(H) and allows an injury to be assessed with regard to an employee's work rather

than being based solely on the schedules in § 23–1044(B), § 23–1044(H) must not intend to separate earning capacity considerations from the claimant's industrial injury. We note that the application of *Dutra* has been extremely controversial and perhaps the final chapter has not been written. *See Gomez v. Industrial Commission,* 148 Ariz. 575, 716 P.2d 32 (App.1985).

However, and wholly aside from the fact that *Dutra* was not a consideration in the instant proceedings, the effect of the supreme court's decision in *Dutra* is not to unschedule an otherwise scheduled disability as did *Langbell* and *Espey.* *Dutra* merely permits an increased level of a scheduled disability. Thus, *Dutra* does not support the reasoning or result of *Langbell* and *Espey.*

For the foregoing reasons, the Industrial Commission award is set aside.

MEYERSON and FROEB, JJ., concur.